■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD QUINTERO, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a judgment of the County Court, Suffolk County (Sherman, J.), rendered July 1, 1987, as convicted him of robbery in the third degree, upon a jury verdict, and imposed sentence.

Ordered that the judgment is affirmed insofar as appealed from.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence fully supports the defendant's conviction of third degree robbery. The complainant Jones identified the defendant as the individual who struck him and took his wallet, which was later found immediately adjacent to the crash site of the defendant's vehicle. The defendant admitted to having struck the complainant, corroborating to some degree the complainant's testimony. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find that they are unpreserved or without merit. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS RIVERA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered April 27, 1987, convicting him of attempted escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted escape in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The evidence established that at approximately 11:15 P.M. on November 28, 1984 the defendant, who was an inmate at the Sing Sing Correctional Facility at Ossining, New York, jumped out of a second-floor window. The estimated 30-foot fall resulted in injuries to the defendant's legs. Correction officers who responded to the location found the defendant lying on the ground face down. Inside a green laundry bag lying next to him were various items of toiletries, including a tube of toothpaste, toothbrushes and antiperspirant.

The defendant's conduct, therefore, went beyond the stage of mere preparation (see, People v Bracey, 41 NY2d 296; People v Di Stefano, 38 NY2d 640), and the mere fact that it may have proven impossible for him to actually exit the prison facility because of other security barriers is no defense to attempted escape in the first degree (Penal Law § 110.10; People v Charon, 141 AD2d 660; People v Trepanier, 84 AD2d 374). As to whether the defendant was sane when he jumped through the window, the conflicting testimony merely raised an issue of credibility, the resolution of which was primarily the function of the jury (see, People v Gaimari, 176 NY 84, 94), and its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

The defendant also contends that the court erred in denying his motion for dismissal of the indictment on the ground that he had been denied a speedy trial. We disagree. The record clearly shows that the one-year delay in bringing the case to trial was due to the fact that the defendant was adjudged incompetent pursuant to a CPL article 730 examination. The defendant also missed various appointments with a psychiatrist, requiring further evaluations in order to determine whether or not he was competent, which determination was not made until June 29, 1986. Accordingly, the court properly excluded the period of incompetency (see, CPL 30.30 [4]; see also, Matter of Watts v Supreme Ct., 36 AD2d 17). Nor was the defendant denied his constitutional right to a speedy trial (CPL 30.20; People v Taranovich, 37 NY2d 442).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.